## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
### COURT FILE NO.: _____

| | |
|---|---|
| Laura Molde,<br><br>        Plaintiff,<br><br>v.<br><br>Financial Recovery Services, Inc.,<br>Zach Lerol, and Nick Doe,<br><br>        Defendants. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

### JURISDICTION

1.   Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.   This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3.   Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transacts business here.

## PARTIES

4.    Plaintiff Laura Molde (hereinafter "Plaintiff") is a natural person who resides in the City of Shoreview, County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) or a person affected by a violation of that law.

5.    Defendant Financial Recovery Systems, Inc. (hereinafter "FRS") is a collection agency operating from an address of P.O. Box 385908, Minneapolis, MN 55438, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.    Defendant Zach Lerol (hereinafter "Defendant Lerol") is a natural person who was employed at all times relevant herein by Defendant FRS as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.    Defendant Nick Doe (hereinafter "Defendant Doe") is a natural person who was employed at all times relevant herein by Defendant FRS as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.    On or before 2008, Plaintiff incurred a financial obligation that was used primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a personal loan in the approximate amount of $313.28.

9.  Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

### *Repeated Collection Calls to Plaintiff's Parents*

10. From on or about August 16, 2009, up to and including April 6, 2010, Defendant Lerol, Defendant Doe, and other collectors employed by Defendant FRS repeatedly contacted Plaintiff's parents at their home by telephone in an effort to collect this debt, which were "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11. Plaintiff's parents live in Montevideo, Minnesota, and Plaintiff has not lived with them in more than seven years.

12. Plaintiff's mother, Mrs. Martha Molde, filed a complaint with the Minnesota Attorney General's Office of Consumer Affairs ask that these calls stop in September 2009.

13. Despite this complaint, Defendants have persisted in calling Plaintiff's parents for this debt.

14. These repeated collection calls made by Defendants were intensely embarrassing and harassing to Plaintiff.

15. The most recent harassing collection calls from Defendants came on or about April 1, 2010 and April 6, 2010 to the Plaintiff's parents.

16.   These collection calls were illegal third-party attempts to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(5), 1692d(6), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692e(11), and 1692f, amongst others.

### *Summary*

17.   All of the above-described collection communications made to Plaintiff by Defendant Zerol, Defendant Doe, and other collection employees employed by Defendant FRS, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions, amongst others.

18.   The above-detailed conduct by these Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and by revelation of private financial facts and has resulted in actual damages to Plaintiff.

19.   This series of abusive collection calls by Defendant FRS and its employees pushed Plaintiff to consider bankruptcy as a way out of these abusive calls.

20.     Defendants' repeated disclosures her indebtedness to third parties was an invasion of Plaintiff's privacy and her right to financial privacy.

21.     Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff and caused her unnecessary personal strain in her relationship with her parents, as well as with other family members.

22.     Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

### *Respondeat Superior Liability*

23.     The acts and omissions of the individual Defendants, and the other debt collectors employed as agents by Defendant FRS who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant FRS.

24.     The acts and omissions by the individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant FRS in collecting consumer debts.

25.    By committing these acts and omissions against Plaintiff, the individual

Defendants and these other debt collectors were motivated to benefit their

principal, Defendant FRS.

26.    Defendant FRS is therefore liable to Plaintiff through the Doctrine of

Respondeat Superior for the intentional and negligent acts, errors, and

omissions done in violation of state and federal law by its collection

employees, including but not limited to violations of the FDCPA and

Minnesota tort law, in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

27.    Plaintiff is entitled to and hereby respectfully demands a trial by jury on all

issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

28.    Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

29.    The foregoing acts and omissions of each and every Defendant and their

agents constitute numerous and multiple violations of the FDCPA including,

but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to each of Plaintiff.

30.   As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

31.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

32.   Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

33.   Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

34.   Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

35.   Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully disclosing information about this debt to third parties, and thereby invaded Plaintiff's right to financial privacy.

36.    Defendants and their agents intentionally and/or negligently caused emotional harm to each of these Plaintiffs' by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon each of these Plaintiff's rights to privacy.

37.    Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

38.    The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

39.    As a result of such intrusions and invasions of privacy, each Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## **COUNT I.**

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

## **15 U.S.C. § 1692 et seq.**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for each Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for each Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for each Plaintiff;

## **COUNT II.**

## **INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY**

## **REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY**

- for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for each Plaintiff; and

- for such other and further relief as may be just and proper.

         Respectfully submitted,

Dated: May 21, 2010       **BARRY & SLADE, LLC**

         By:  **s/Peter F. Barry**
         Peter F. Barry, Esq.
         Attorney I.D.#0266577
         2021 East Hennepin Avenue, Suite 195
         Minneapolis, Minnesota 55413-1773
         Telephone:  (612) 379-8800
         Facsimile: (612) 379-8810
         pbarry@lawpoint.com

pfb/ra           **Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA         )
                                    ) ss

COUNTY OF HENNEPIN         )

Plaintiff Laura Molde, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Laura Molde

Subscribed and sworn to before me
this 21st day of May, 2010.

Notary Public

PETER FRANCIS BARRY
Notary Public-Minnesota
My Commission Expires Jan 31, 2015