**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: 10-cv-2135 PJS-AJB**

| | |
|---|---|
| LAURA MOLDE<br><br>            Plaintiff,<br><br>v.<br><br>FINANCIAL RECOVERY SERVICES, INC., ZACH LEROL, and NICK DOE,<br><br>            Defendants. | **MEMORANDUM IN SUPPORT OF THE MOTION FOR ENTRY OF A PROTECTIVE ORDER OF FINANCIAL RECOVERY SERVICES, INC.** |

## I.   INTRODUCTION

Defendant Financial Recovery Services, Inc. ("FRS") submits this Memorandum of Law pursuant to Rule 26(c) of the Federal Rules Civil Procedure in support of its motion for entry of a protective order.  FRS seeks the entry of a protective order to protect trade secret or otherwise confidential information obtained through written discovery or by deposition that either party designates as confidential.

Plaintiff will not agree to entry of a protective order.[1] FRS has good cause to seek an order to limit inquiry into its commercial information that is not relevant to the present litigation, and to provide that trade secrets, other confidential research, development, commercial information, and attorney-client privileged information may only be used for the purposes of this litigation and shall be returned or destroyed once this litigation has

---

[1]   On March 9, 2011, the undersigned counsel certifies that he contacted counsel for Plaintiff via telephone.  At that time, Plaintiff's counsel indicated that Plaintiff would not stipulate to a protective order.  Aff. of Poncin, ¶ 2.

been terminated. FRS respectfully requests that the Court enter a protective order in the form filed in connection with its motion.

## II.   FACTS/PROCEDURAL POSTURE

Plaintiff Laura Molde ("Plaintiff") commenced this action alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* in addition to a claim for alleged invasion of privacy. Plaintiff has and continues to seek information related to FRS' current and former employee's personnel files, in addition to certain policy and procedure information related to FRS' business practices.  Such information is confidential and should be kept confidential.  Therefore, FRS asks the Court to enter the protective order proposed in this matter[2].

Plaintiff served written discovery, which included the following:

Interrogatory No. 4: Identify and describe with particularity all training that Defendants provide or receive, in the area of debt collection activities, including but not limited to:
   a.   The training content, timing, and duration;
   b.   All documents and audio or visual materials used in such training; and
   c.   Each person involved in providing such training.

Interrogatory No. 5:  Identify and describe all documents, manuals, instructions, checklists, memorandum, restrictions or other documentation or instructions that Defendants' employee or agents are given, read, review, or otherwise use, regarding the collection of debts.

Interrogatory No. 6:  Identify and describe Defendants' disciplinary policy/policies for violating state and federal debt collection laws, and for violating other state or federal laws in the course of collecting debts of any kind.

Interrogatory No. 7: Identify and describe any and all documents that describe, record, or establish Defendants' methods and techniques used to collect debts.

---

[2]     Exhibit A duplicates the substantive terms of the District of Minnesota's Form 6.

Interrogatory No 8: Identify and describe fully any and all computerized, mechanical, manual, or other system(s) that Defendants use, maintain, or operate to record any and all mail, telephone, in-person, or other forms of communications, or attempted communications, with persons or other third parties in connection with the collection of accounts, and Defendants' policies and procedures for operating such a system of records.

Request No. 2: Any and all documents summarizing, describing, instructing, detailing, or otherwise training any and all of Defendants' employees in any and all of the following areas:
    a.     Collection policies;
    b.     Collection procedures;
    c.     Collection methods;
    d.     Collection techniques;
    e.     Collection tactics;
    f.     Collection rules;
    g.     Collection regulations; and
    h.     Compliance with local, state, or federal laws, codes, or regulations.

Request No. 3: Any and all training, personnel, or other instruction manuals used by any and all collection personnel who are employed by or supervised by Defendants.

Request No. 6: Any and all personnel files, human resource department records, employment files, and other documents including but not limited to all disciplinary notices, performance appraisals, written or verbal reprimands, incident reports, job applications, résumés, memos, and tape recorded or electronic recordings of collection communications that were the subject of private or other complaints by any person, for every Defendant who is a natural person . . .[3].

Aff. of Poncin, ¶ 3, Ex. A (Plaintiff's Interrogatories and Request for the Production of

Documents).

FRS' policies and procedures concerning the handling of consumer credit accounts

are trade secrets that require protection. Aff. of Bowers, ¶ 4. This information is little

known outside FRS' business, as FRS guards it closely and takes pains not to disclose

---

[3]    Plaintiff's Request No. 6 also advises Defendant to redact certain information from the personnel files, including personal identifiers, medical information and retirement plans.

such information to the public. Disclosure of this information could cause FRS to lose its competitive advantage, thus jeopardizing its existence.  Id.  Information concerning said policies and procedures goes to the core of FRS' operations and includes the operating methods FRS developed to give it a competitive advantage. Id.  FRS has developed and honed its policies and procedures since it came into existence, expending considerable time to do so. Id.  As FRS does not disclose its policies and procedures concerning the handling of consumer credit accounts to anyone other than its employees, the information is difficult to properly acquire or be duplicated by others.  Id. ¶ 5.

FRS' training materials, manuals, guidelines, and other such materials are also trade secret materials for which FRS has good cause to protect. Like FRS' policies and procedures concerning handling consumer accounts, this information is not known to those outside FRS and it is closely guarded as its dissemination would make known its policies and procedures for collecting debt. Id.  Employees are not permitted to disseminate the these materials to those outside of FRS, the materials are the product many hours of work, and they are constantly being refined and updated. This material is not available from any source other than FRS.  Id. ¶ 6.  Any prior dissemination of the documents/information that FRS seeks to protect has not been done in accordance with FRS' procedures, to the best of FRS' knowledge.  Id. ¶ 7.

The proposed protective order is reasonable in its scope and limitations.  See Proposed Protective Order filed herewith.  It provides that parties may protect information by designating it as "confidential," and that prior to disclosure at trial or at a hearing, the parties may seek further protections against public disclosure from the Court.

Id. If a party disagrees with the designation of any document or information as confidential, the party seeking the change may move the Court for relief. Id. ¶ 10.

Any confidential information submitted to the Court in connection with a motion, trial or other proceeding in this action shall be filed in compliance with the Electronic Case Filing Procedures for the District of Minnesota. Id. ¶ 9. Furthermore, the Proposed Order provides that any violation of the Protective Order may subject one to sanctions by the Court (Ex. A to Protective Order, "Written Assurance") and supplies procedures by which each party's confidential information would either be returned to it or destroyed within sixty days of the final termination of this lawsuit. Id. ¶ 11. These provisions will prevent abuse of the confidentiality designation by either party while requiring that the party asserting confidentiality prove that the information in question is in fact properly deemed confidential.

## III.   LEGAL STANDARD

Pursuant to Rule 26(c), a Protective Order should be granted when the moving party establishes "good cause" for the Order and "justice requires [a Protective Order] to protect a party or person from annoyance . . . or undue burden or expense." Fed. R. Civ. P. 26(c). A court may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden including:

(A)   forbidding the disclosure or discovery;

*****
(D)   forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
*****

    (G)    requiring that a trade secret or other confidential research,
            development, or commercial information not be revealed or be
            revealed only in a specified way….

Fed. R. Civ. P. 26(c)(1).

"The scope of discovery is intentionally broad," the purpose of which "is to insure complete availability of all evidence to avoid surprise and thereby facilitate a full and fair trial on the merits." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34 (1984). However, "private litigants have protectable privacy interests in confidential information disclosed through discovery." Id. at 35.  As the Supreme Court noted in Seattle Times Co.:

It is clear from experience that pretrial discovery by depositions and interrogatories has a significant potential for abuse. This abuse is not limited to matters of delay and expense; discovery also may seriously implicate privacy interests of litigants and third parties….

There is an opportunity, therefore, for litigants to obtain—incidentally or purposefully—information that not only is irrelevant but if publicly released could be damaging to reputation and privacy.

Seattle Times Co., 467 U.S. at 34-35. Broad discretion rests with the district court in granting discovery requests. Voegeli v. Lewis, 568 F.2d 89, 96 (8th Cir. 1977) ("A district court has very wide discretion in handling pretrial discovery and we are most unlikely to fault its judgment unless, in the totality of the circumstances, its rulings are seen to be a gross abuse of discretion resulting in fundamental unfairness in the trial of the case").

The only criterion for determining whether a protective order should be issued is the statutory requirement of "good cause." In re Alexander Grant & Co. Litig., 820 F.2d 352, 356 (11th Cir. 1987). Four factors have been identified as relevant to determining

whether good cause exists. <u>Id.</u> These factors are: "(1) the severity and the likelihood of the perceived harm; (2) the precision with which the order is drawn; (3) the availability of a less onerous alternative; and (4) the duration of the order." <u>Id.</u> (quoting <u>Kleiner v. First Nat'l Bank of Atlanta</u>, 751 F.2d 1193, 1205-06 (11th Cir. 1985)). Discovery may not be pursued on matters irrelevant to the subject matter involved in the pending action (Fed. R. Civ. P. 26(b)(1)), and even if relevant, discovery may not be permitted where no need is shown, compliance would be unduly burdensome, or if the harm to the party from whom discovery is sought outweighs the need of the party seeking discovery. <u>Miscellaneous Docket v. Miscellaneous Docket</u>, 197 F.3d 922, 925 (8th Cir. 1999) (citation omitted).

To demonstrate good cause in a trade secret discovery dispute, the party seeking protection under Rule 26(c)(7) must establish that the information is a "trade secret or other confidential research, development, or commercial information" (Fed. R. Civ. P. 26(c)(7)) and that its disclosure would be harmful to the party's interest in the property. <u>In re Remington Arms Co., Inc.</u>, 952 F. 2d 1029, 1032 (8th Cir. 1991) (citations omitted). If the party seeking discovery establishes both relevance and need, the court must weigh the injury that disclosure may cause to the property against the moving party's need for the information. <u>Id.</u> (citations omitted). If the party seeking discovery fails to establish both relevance and need, there is no reason for the discovery request to be granted and the trade secrets may not be revealed. <u>Id.</u>

## IV.   ARGUMENTS AND AUTHORITIES

### A.   Protection of FRS' Trade Secret and Other Confidential Information is Essential to Prevent Severe Harm.

As set forth above, Plaintiff seeks various information related to FRS' training and compliance procedures, in addition to certain information related to its current and former employees. Disclosure of such information would be harmful to FRS. FRS competes with other collection agencies for business. Aff. of Bowers ¶ 4. FRS does not normally release such information to the public, nor does it permit its employees to disseminate such information. Id. ¶¶ 4-5. FRS' management and staff developed its policies, procedures, and manuals, drawing on their collective experience to create what it considers to be a high quality collections program. Id. ¶ 5. If FRS' competitors gained access to such information, they could duplicate FRS' methods of collecting debt to the disadvantage of FRS. See id. ¶¶ 4-6.

Accordingly, the Court should adopt FRS' proposed protective order as it prevents severe harm that otherwise would likely result. Plaintiff's written discovery seeks confidential materials that includes FRS' internal procedures, FRS' compliance with applicable rules and statutes, and employees' or past employees' personnel and/or disciplinary records, if any. Indeed, "[a]ny prior dissemination of the documents/information that FRS seeks to protect has not been done in accordance with FRS's procedures, to the best of my knowledge." Aff. of Bowers, ¶ 7.

Courts have recognized that this type of information is confidential in nature and is entitled to protection under a protective order. See, e.g., Miles v. Boeing Co., 154 F.R.D. 112, 114 (E.D. Pa. 1994) (disclosure of third parties personnel files would constitute an invasion of privacy); Prochaska & Associates v. Merrill Lunch, Pierce, Fenner & Smith, Inc., 155 F.R.D. 189, 190 (D. Nebraska 1993) (holding that documents

relating to defendant's compliance program under federal and state securities law related regulation and rules of the NASD and NYSE were confidential and defendant need not produce the same until Plaintiffs have entered into a confidentiality agreement); McLin v. City of Chicago, 133 F.R.D. 527 (N.D. Ill. 1990) (protective order limiting disclosure of employment and disciplinary files was justified in civil rights action); Orbovich v. Macalester College, 119 F.R.D. 411, 415 (D. Minn. 1988) (holding that personnel files are confidential information and conditioning disclosure of the same on a confidentiality agreement or protective order); Kamp Implement Co., Inc. v. J.I. Case Co., 630 F.Supp. 218, 220-21 (D. Mont. 1986) (holding that defendants were entitled to some safeguard against untrammeled dissemination of internal financial information); Sasu and Simpson v. Yoshimura, 147 F.R.D. 173, 175 (N.D. Ill. 1973) (holding that good cause existed for adoption of a protective order because personnel and investigation files are confidential records entitled to protection).

Indeed, as one court set forth in regard to the disclosure of personnel files,

> [t]he court generally regards personnel files of employees to be confidential by their nature. The subjects of such files are often nonparties to the litigation. Such files commonly contain addresses, phone numbers, income information, medical histories, employment discipline, criminal records, and other sensitive, personal information having little or no relevancy to the issues in litigation. To permit wide dissemination of personnel files would result in a clearly defined, serious, and unnecessary injury to the privacy of the employee who is not a party to the lawsuit. Revelation of such information could cause economic or emotional harm. The files could contain embarrassing material. They commonly contain confidential material. Justice requires protection against wide dissemination of such confidential, personal information.

<u>Dahdal v. Thorn Americas, Inc</u>., Civ. A. 97-2119-GTV, 1997 WL 599614 (D. Kan. Sept. 15, 1997); <u>See also Watts v. Kimmerly</u>, No. 1:95-CV-279, 1996 WL 911254 (W.D. Mich. April 12, 1996).  While Plaintiff has offered to accept redacted copies of personnel files, FRS believes that such information should be produced only under the protection of a protective order.

### B.      FRS' Proposed Order is Precisely Drawn.

FRS' proposed order is reasonable in its scope and limitations and is based upon this District's Form 6.  FRS proposes that that all confidential materials be filed under seal. Second, the proposed protective order is drawn to allow all parties to protect information they deem confidential by providing specified disclosure limits.  Any party wishing to challenge an item's designation as confidential has the right to do so.

Because the proposed protective order is reasonable in its scope and limitations, it is precisely drawn and is appropriate in this circumstance.

### C.      FRS' Proposed Order Provides the Least Onerous Procedure to Provide Adequate Protection.

FRS' proposed order seeks to protect the confidential information of FRS, and its current and former employees.  Moreover, the proposed order would provide protection to the other defendants and to the Plaintiff, to the extent, if any, that such parties may require protection.  Allowing the parties to designate information as confidential is an efficient method to allow the parties to exchange information. Furthermore, the proposed order includes provisions for resolving disputes between the parties concerning whether certain information should be considered confidential or not.  "Such protective orders are

routinely agreed to by the parties and approved by the courts in commercial litigation…[and are] essential to the functioning of civil discovery." <u>Bayer AG and Miles, Inc. v. Barr Laboratories, Inc.</u>, 162 F.R.D. 456, 465 (S.D.N.Y. 1995); <u>see also Standard Chlorine of Delaware, Inc. v. Sinibaldi</u>, 821 F.Supp. 232, 255 (D. Del. 1992) (protective orders that provide a mechanism by which parties may designate discovery matters as confidential should be adopted because it would best serve the interest of just, prompt and efficient resolution of discovery disputes); <u>Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.</u>, 529 F. Supp. 866, 889 (E.D. Pa. 1981) (court was "unaware of any case in the past half-dozen years of even a modicum complexity where an umbrella protective order . . . has not been agreed to by the parties and approved by the Court").

Implementation of the FRS' proposed order would facilitate the discovery process, as all parties would be more inclined to release confidential information promptly without the need to obtain additional Court orders.

**D.     The Duration of FRS' Proposed Order is Appropriate to Protect the Information Deemed Confidential.**

FRS' proposed order provides that each party shall return or destroy the other parties' items containing confidential information submitted in accordance with the order within sixty days after final termination of this lawsuit. FRS' proposed order would remain binding on the parties after the conclusion of this litigation unless otherwise ordered by the Court. These provisions are proper, as FRS, its employees and persons and entities whose confidential information is in its possession would be severely harmed

should the confidential information be released to the public either during the course of the lawsuit or after it is terminated.

The provision of ongoing protection from the release of confidential information released in discovery but not introduced at trial is the only feasible method to prevent the parties from being subject to "needless annoyance, embarrassment, oppression, or under burden or expense." S.E.C. v. TheStreet.com, 273 F.3d 222, 229 (2nd Cir. 2001). No less onerous alternative exists that would provide adequate protection. See In re Alexander Grant & Co. Litig., 820 F.2d at 356. Once the parties have returned or destroyed all items containing confidential information within sixty days of termination of the suit, the ongoing burdens on the parties will be minimal.

### E.     The Interests of Plaintiff and Defendant are Properly Balanced In the FRS' proposed order.

Finally, the Court must weigh the interests of all parties when deciding whether or not to protect information. Kaiser Aluminum & Chem. Corp. v. Phosphate Eng'g and Constr. Co., Inc., 153 F.R.D. 686, 688 (M.D. Fla. 1994).  FRS' proposed protective order is even-handed, allowing either party its protections.[4] It would facilitate the discovery process and is of the sort routinely agreed to by parties and approved by courts in commercial litigation. See, e.g., Bayer AG and Miles, Inc., 162 F.R.D. at 465. Accordingly, FRS respectfully requests that the Court to adopt its proposed protective order.

---

[4]      Plaintiff and Plaintiff's counsel would likewise benefit from the entering of the protective order proposed by FRS because this matter centers around a debt of Plaintiff's, which will undoubted result in discovery of private financial information.

V.      **CONCLUSION**

FRS has demonstrated good cause to obtain a protective order as the information sought by Plaintiff goes to its core business practices. As such, FRS respectfully requests that the Court issue its Proposed Order.

Respectfully submitted:

MOSS & BARNETT
A Professional Association

Dated: March 30, 2011.              s/ Michael S. Poncin
                                    Michael S. Poncin (Minn. Bar #296417)
                                    James R. Bedell (Minn. Bar #351544)
                                    4800 Wells Fargo Center
                                    90 South Seventh Street
                                    Minneapolis, Minnesota 55402
                                    Ph: 612.877.5000
                                    Fax: 612.877.5999
                                    poncinm@moss-barnett.com
                                    bedellj@moss-barnett.com
                                    **Attorneys for Defendant Financial
                                    Recovery Services, Inc.**